UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20300-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

ZENEN PUMARIEGA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference, the Court has conducted a change of plea hearing on October 21st, 2010, which was attended by the defendant Zenen Pumariega, his attorney Ricardo P. Hermida, Esquire, and Assistant United States Attorney Sean Thomas McLaughlin. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and

rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to Counts 1, 2, and 3 of the Superseding Information to which he was tendering guilty pleas. The Court also advised the defendant of the mandatory special assessment of $300.00, which must be paid at the time of sentencing.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to Counts 1, 2, and 3 of the Superseding Information. Count I, charging "[F]rom in or around November 2008, and continuing through on or about April 26, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant did knowingly, and with intent to defraud, produce, use, and traffic in one or more counterfeit access devices, namely, counterfeit credit cards, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(1) and 2."

Count 2 charges that the defendant, on or about April 26, 2010, in Miami-Dade County, in the Southern District of Florida, did knowingly and with intent to defraud, possess fifteen or more counterfeit and unauthorized access devices which were credit cards and unauthorized credit card account numbers, affecting interstate and foreign commerce, in violation of 18 U.S.C. §§1029(a)(3) and 2.

Count 3 charges that on or about April 26, 2010, in the Southern District of Florida, the defendant "during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(1), that is, knowingly, and with intent to defraud, produce, use, and traffic in one or more counterfeit access devices, namely counterfeit credit cards, said conduct affecting interstate and foreign commerce, as set forth in Count 1, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, credit card account number XXXX-XXXX-XXXX-8164 belonging to "S.M." in violation of Title 18 [United States Code], Sections 1028A(a)(1) and 2."

7. The defendant was advised that the penalties as to the three counts are as follows: Counts 1 and 2 each carried a term of imprisonment of up to 10 years, fines of up to $250,000, and terms of supervised release of up to 3 years. Count 3 carries a mandatory sentence of 2 years imprisonment to be served consecutively to the sentences imposed in Counts 1 and 2, followed by a term of supervised release of 1 year. In addition thereto, the defendant is subject to a forfeiture as set forth in the Superseding Information.

8. The government filed a factual basis, made part of the record and executed by the government, the defendant and his counsel, for the guilty pleas which consisted of all of the essential elements of the offenses to which the defendant is pleading guilty.

9. The defendant was remanded to the custody of the United States Marshal and was referred to the United States Probation Office for the preparation of a Pre-sentence Report. **Sentencing was scheduled for Thursday, January 20th, 2011, at 10:30 A.M. before U.S. District Judge Donald M. Middlebrooks, in his Courtroom in the James Lawrence King Federal Justice Building, 99 NE 4th Street, Miami, Florida 33132.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea as to Counts 1, 2, and 3 of the Superseding Information, that his guilty pleas be accepted, that he be adjudicated guilty of such offenses, and that a sentencing hearing be conducted for a final disposition of this cause as scheduled.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 21st day of October, 2010.

*[signature]*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE